BRIGGS *vs.* STAFFORD.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

A notary public, who signed the protest, cannot be received as a witness, to prove that no demand was made. A public officer, who has given a solemn certificate in his official character, and under his seal of office, cannot be listened to as a witness, to prove it false.

It does not necessarily follow, that the verdict is to be set aside on account of the admission of improper evidence. If the proof of notice to an endorser is not satisfactory, a verdict in his favor will not be disturbed.

This is an action against the endorser of a promissory note, protested for non-payment, and due notice thereof alleged to be given to the endorser. The defendant denied that the plaintiff was the legal holder of the note, or had any right to receive payment. He further averred, there was no legal notice of demand and protest ever given him, and prayed to be dismissed.

On the trial, the note, protest and certificate of notice was offered in evidence.

The defendant offered the notary who made the protest as a witness, who deposed that the protest was made on the day his daughter died, and in consequence of which the *demand and notice was made by his clerk.* This testimony was objected to, as contradicting the written protest and certificate of notice signed by the notary himself. The court admitted the testimony, and the plaintiff excepted.

Another witness deposed, that the defendant lived about forty miles from Covington, where the note was payable, and where the notice of protest was put in the post-office, addressed to him at that place; that the defendant lives about ten miles from Pearlington, at which place there is a post-office, but there is no direct road to the latter place. It was not shown that the defendant was in the habit of receiving his letters and papers from the post-office at Covington.

There was a verdict and judgment for the defendant, from which the plaintiff appealed.

EASTERN DIST.
February, 1840.

BRIGGS
vs.
STAFFORD.

*Hennen,* for the plaintiff.

*Deslix,* contra.

*Bullard, J.,* delivered the opinion of the court.

This is an action by the holder, against the endorser of a promissory note, alleged to have been duly protested for non-payment, and notice thereof given to the endorser. There was a verdict for the defendant, and judgment being pronounced thereon, the plaintiff prosecutes this appeal.

Our attention is first drawn to a bill of exceptions, from which it appears that the defendant offered as a witness E. P. Ellis, the notary who signed the protest filed in this case, to prove that no demand was made, which was objected to by the plaintiff, on the ground that the notary could not contradict his own acts; but the court admitted the witness to be sworn, notwithstanding the objection.

*A notary public who signed the protest, cannot be received as a witness to prove that no demand was made. A public officer who has given a solemn certificate in his official character, and under his seal of office, cannot be listened to as a witness to prove it false.*

We are of opinion that the court erred. A public officer, who has given a solemn certificate in his official character, and under his seal, cannot be listened to as a witness to prove it false. There is a degree of turpitude in certifying as true what the officer does not know to be true, as well as in certifying what he knows to be false. In either case, whatever may be the palliating circumstances in *foro conscienciæ,* we think the falsity of the certificate ought not to be shown by the testimony of the officer himself: "*Allegans turpitudinem suam non audiendus.*"

*It does not necessarily follow that the verdict is to be set aside on account of the admission of improper evidence. If the proof of notice to an endorser is not satisfactory, a verdict in his favor will not be disturbed.*

But it does not necessarily follow that the verdict is to be set aside on account of the admission of improper evidence. The proof of notice of protest is by no means satisfactory. It appears that the residence of the defendant is nearer another post-office than that in which the notice was deposited, and it is not clearly shown that the defendant was in the habit of taking his letters or papers out of the office where the notice was left. We cannot, consequently, disturb the verdict.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.