CARLILE *vs.* HOLDSHIP.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Where the curator of a deceased plaintiff is made a party by order of court, after the *contestatio litis*, and is represented by counsel, the case may proceed to trial without any other delay or notice, and the proceedings will be regular.

Where the notary states that he "demanded payment of *the note at the bank therein specified*," it is a sufficient legal demand.

This is an action against the endorser of a promissory note.

The defendant pleaded a general denial. He admits he endorsed the note, which was for the joint account of the maker Thomas Williams, the plaintiff, Carlile, and himself; that they had entered into partnership, to carry on the business of an iron foundry, and the amount or proceeds of the note used for the purposes of the partnership, contemplated at the time it was drawn; but the plaintiff seeing the business was not prosperous, threw the burden of the partnership upon this respondent and Williams, who lost thereby a large amount of money, far exceeding the proportionate amount of the note; he, therefore, reconvenes the plaintiff in the sum of one thousand five hundred dollars, for losses incurred and payments made on account of the firm, for which he prays judgment, and that the plaintiff's demand be rejected.

After the cause was at issue, on the 2d December, 1839, on motion of the plaintiff's counsel and suggesting his death, it was ordered that his curator be made a party. On the same day, the cause was taken up for trial; but at the instance of plaintiff's counsel, it was postponed until the 16th of the month, and the defendant notified thereof.

On the 17th of December, the case came on for trial. The plaintiff offered in evidence the note, protest, and notice to the defendant as endorser; and also the letters of curatorship of the plaintiff from the Court of Probates. The defendant objected to go to trial, on the ground that the curator had not taken any steps or appeared in the case, and that the defendant was not notified of plaintiff's death, or of a curator being appointed, and could not, therefore, avail himself of any plea or defence against the curator or the heirs of the deceased.

The objections were overruled, and the defendant's counsel took his bill of exceptions. He also excepted to the protest being received in evidence, because it did not state that *the note had been presented* to the Union Bank, where demand of payment was made. The notary states that he "*demanded payment of said note at the bank therein specified,* and was answered that no funds had been provided to pay the same."

There was judgment for the plaintiffs, and the defendant appealed.

*Preston*, for the plaintiff.

*Soulé*, contra.

*Bullard, J.,* delivered the opinion of the court.

This is an action against the endorser of a promissory note. The plaintiff having died after issue joined, it was ordered that the curator of his estate be made a party. Judgment having been pronounced in his favor, the defendant appealed. He relies on two bills of exceptions. From the first, it appears that the defendant's counsel objected to the case being taken up for trial until the curator, who had been made a party on the suggestion of the plaintiff's death, had taken

some step in the case; that, until then, he had not appeared in any manner, and that the defendant was not notified that the original plaintiff was dead, and he could not avail himself of any plea which he might have against the curator, or the heirs. But the court permitted the plaintiff to proceed to trial, the judge adding that the counsel had stated himself to be counsel for the curator.

In support of this bill of exceptions, the counsel relies upon the case of *Liquet's Heirs* vs. *Peirce,* 5 *Louisiana Reports,* 363. In that case, after the death of the original plaintiff, his heirs came in by a supplemental petition, and the court held that it was irregular to proceed to trial, without service of a copy of the heirs' petition. In the present case, the curator of the deceased plaintiff's estate, was made a party by order of court, after the *contestatio litis,* and appears to have exhibited his authority from the Court of Probates, and was represented by counsel.

Where the curator of a deceased plaintiff is made a party by order of court, after the *contestatio litis,* and is represented by counsel, the case may proceed to trial without any other delay or notice, and the proceedings will be regular.

We think the proceeding regular, and that the court did not err.

The second bill of exceptions was taken to the introduction of a protest of the note, which had been objected to on the ground that it did not show that the note had been *presented* for payment. The counsel relies on the case of *Warren* vs. *Briscoe,* 12 *Louisiana Reports,* 473.

The notary states in his protest, that he "demanded payment of the said note at the bank therein specified." It appears to us as it did to the district judge, that it is to be inferred, from the whole tenor of the protest, that the note was produced and presented for payment at the time and place specified therein. In the case of Warren *vs.* Briscoe, the notary states, merely, that "he went to the Planters' Bank, Natchez, and was informed by the teller there was no funds," &c. No demand was certified, and it could not be inferred, from any part of the protest, that the notary took the note with him, much less, that he had made any demand.

Where the notary states that he "demanded payment of *the note at the bank therein specified,*" it is a sufficient legal demand.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.