WESTERN DIST.
*October*, 1840.

NOTT'S EXECU-
TOR
*vs.*
BEARD.

NOTT'S EXECUTOR *vs.* BEARD.

APPEAL FROM THE COURT OF THE NINTH DISTRICT, FOR THE PARISH OF CAR-
ROLL, JUDGE DAVIS PRESIDING.

Where the bill and protest are produced in evidence without objection, it will be deemed sufficient proof of the drawer's signature, to authorize judgment against him, as endorser of his own bill.

Where a bill was accepted but not paid, it is no defence, in an action against the drawer, that it is *not proved* he *had no funds* in the hands of the acceptor.

Where the notary sends notice of protest to a particular post-office, *specifying it by name*, it will be sufficient, if it is the nearest to the residence of the party, without stating in what parish it is situated.

Where the notary states he "*demanded payment of the draft* at the counting-house of the acceptor," it is sufficient, without saying the "*draft was presented and payment thereof demanded.*"

This is an action by the executor of William Nott, deceased, against the defendant as *drawer* of a bill of exchange, to *his own order*, on Messrs. Bullitt, Shipp & Co., and accepted, payable twelve months after date. It was endorsed in blank by the drawer. The bill was protested for non-payment, and due notice thereof given to the defendant.

The plaintiff alleges, that the defendant had no funds in the hands of the drawers when he drew the draft, and did not afterwards place any funds in their hands to meet it.

The defendant pleaded the general issue ; and also averred that the plaintiff showed no cause of action, and that J. Montgomery, who sues as one of the executors of Nott, is not executor, and has no interest in the note to entitle him to sue.

The notary states in his protest that, at the request of the Union Bank, holder of the original, "he demanded payment of *said draft*, at the counting-house of the acceptors thereof, and was answered by Mr. Bennett, one of said firm, that the same could not be paid."

He certifies that, on the day of the protest, he addressed a letter to the defendant notifying him thereof, directed to him at " Pecan Grove post-office, Louisiana," from information obtained from the acceptors, and placed it in the post-office at New-Orleans.

WESTERN DIST.
October, 1840.

NOTT'S EXECU-
TOR
vs.
BEARD.

A letter testamentary, from the probate court of the parish of New-Orleans, appointing J. Montgomery testamentary executor of William Nott, deceased, was produced in evidence by the plaintiff. The protest, bill of exchange and certificate of the notary, were also produced in evidence, upon which the plaintiff had judgment, and the defendant appealed.

*Ogden* and *Poindexter*, for the plaintiff, showed that Montgomery was fully authorized to sue as executor of Nott, by the production of his authority from the Court of Probates.

2. The note, protest and certificate of the notary make full proof of the plaintiff's demand. They were produced in evidence without objection.

3. The notice addressed to the defendant, at Pecan Grove, is shown to be the nearest post-office to his residence, and is a sufficient service of notice.

4. The protest and notice show a demand of payment, and that there was no funds. Every thing that was required has been done to put the defendant in default. He can show no real defence. He is sued both as drawer and endorser, and liable as such.

*Selby*, contra, insisted there was not full proof of the defendant's signature. It was, in fact, not proved at all. The protest does not state that the bill was presented and payment demanded, as is required by law to authorize a recovery ; without showing this, the plaintiff must fail.

2. The notice is insufficient ; the notary says, he sent it to Pecan Grove post-office, but it is not shown in what parish this post-office is situated. This was necessary, in order to show he was notified by notice sent to his parish, to the nearest post-office.

WESTERN DIST.     *Garland, J.*, delivered the opinion of the court.

October, 1840.     From the mass of extraneous and immaterial matter, with

NOTT'S EXECU-  which the clerk of the inferior court has incumbered the

TOR         record, we have extracted the facts of this case. The de-

*vs.*        fendant in January, 1837, at New-Orleans, drew a bill of

BEARD.       exchange in his own favor, on Bullitt, Shipp & Co., for
six thousand nine hundred and sixty-two dollars and forty-
nine cents, payable twelve months after date, which was
accepted, and the bill put in circulation by the drawer endors-
ing it. When the bill became due it was protested for
non-payment, and this suit is instituted by the holders. The
answers are :

1. Jonathan Montgomery is not the executor of Nott.

2. He has no interest in the bill, either in his own right
or as executor.

3. A general denial.

The first ground of defence is destroyed by the production
of Montgomery's authority, to act as executor, issuing from
the probate court, in New-Orleans. The same evidence,
with the fact of possession, establishes his right to the bill,
and disposes of the second ground. It is sufficiently set forth
in the petition that he sues as executor. Under the general
denial, many objections have been presented.

1st. It is said there is no evidence of Beard's endorsement
of the bill. The reply is, the record shows he permitted the
bill and protest to be offered as evidence, without objection,
and it is too late now to say the signatures were not proved.

2nd. It is urged the plaintiff has failed to prove that
Beard had no funds in the hands of the acceptors. That is
immaterial. The bill was not paid and the drawer is not
discharged, if the other legal steps have been taken to make
him liable.

3rd. It is said the notice of protest for non-payment is

Where the insufficient. The notary says he addressed the notice to
notary sends no- "*Pecan Grove post-office*, Louisiana." The counsel for de-
tice of protest
to a particular fendant says it is insufficient, as it is not stated or proved
post-office, spe- that Pecan Grove post-office is in the parish of Carroll.
cifying it by
name, it will be The law requires notaries to put the notice of protest in the
sufficient, if it is

nearest post-office to them, addressed to the drawers, accep-
tors, endorsers or others, at *their* domicil or usual place of
residence, *Acts* of 1827, *p.* 76, *section* 2. It is impossible to
have a notice sent to the house of each drawer or endorser,
in distant places, and the law is satisfied by its being directed
to the post-office nearest to them. The notary says, from
the information he obtained as to the residence of the defend-
ant, he had so addressed the notice. Post-offices are estab-
lishments authorized by the laws of the United States, and
we are bound to recognize such as are established in our own
state, at least, and those engaged in transporting the mail
are presumed to know in what parishes they are situated,
and carry all communications to their proper destination.
However desirable it may be that notaries should mention the
parish in which an obscure or new post-office is situated, we
are not prepared to say an omission to do so is fatal to the rights
of a party. In many instances it would be considered sur-
plusage to mention the name of the parish in which a post-
office is situated, and as there is no law which says expressly
it shall be done, we are not disposed to insist upon it, in a
case where it is not alleged any injury has resulted from the
omission, or that there is a post-office nearer to the party.

4th. It is further alleged, the protest does not show the bill
was ever presented for payment by the notary. He says, at
the request of the "holder of the original draft, whereof a
true copy is on the reverse hereof written, I demanded pay-
ment of said draft at the counting-house of the acceptors
thereof, and was answered by Mr. Bennett, one of said firm,
that the same could not be paid." The counsel for the
defendant says, the protest should say the bill was presented
and payment thereof demanded. It might be more specific
perhaps if the notary had used these words, and more satis-
factory to a nice critic, but as we seek the means of promo-
ting the ends of justice, and enforcing the speedy execution
of contracts, more than the beauties of composition and philo-
logical exactness, we are disposed to give such meaning
to terms used by public officers, as will be understood by the
mass of mankind and effect the objects in view.

WESTERN DIST.
*October,* 1840.

NOTT'S EXECU-
TOR
*vs.*
BEARD.

the nearest to
the residence of
the party, with-
out stating in
what parish it is
situated.

Where the no-
tary states he
*"demanded pay-
ment of the draft*
at the counting-
house of the ac-
ceptor,"* it is
sufficient, with-
out saying "the
*draft was pre-
sented and pay-
ment thereof de-
manded."*

WESTERN DIST.    It is a well settled law, that the holder of an accepted bill,
October, 1840.   before he can call on the drawer for payment, must make a
NOTT'S EXECU-    presentment for or demand of payment, and give notice of the
TOR              refusal.   It is equally certain, the person making the present-
vs.
BEARD.           ment or demand must have the bill with him ; but it does
not follow, as a consequence, because both words are not
used in the protest that he had not the bill with him.   The
act of the legislature passed in 1827, vests notaries with cer-
tain powers in relation to these matters, and gives more
authenticity to their acts than to private individuals.   They
are public officers, and the presumption of law is they do their
duty.   It is not to be presumed that a notary would do so
useless an act as to go to the house of the acceptor of a bill,
to demand payment, and not have with him the obligation
he was specially charged to collect.   Chitty and Bayley in
their treatises on bills and promissory notes, and the annota-
tors on them, use the terms, demand and presentment, almost
as synonymous.   Bayley, in the same sentence, says "a
demand of payment, by a person who has not the bill or note
with him at the time, is not a sufficient presentment."   Our
statute uses the word *demand* ; and *presentment* is no where
found in it.

In the argument at the bar, great stress has been placed
on the decision of this court, in the case of *Warren* vs. *Bris-
coe*, 12 *Louisiana Reports*, 472.   The law in that case was
correctly laid down, but the facts were not precisely similar
to the present.   In that, the note was " payable at the Plan-
ters' Bank of Mississippi, at Natchez," and the notary certified
" he went to the Planters' Bank, Natchez, and was informed
by the teller there was no funds in the bank for the payment
of said note, wherefore he protested, &c."   He does not say
he presented the note for payment or made a demand of it,
and the court so say in their opinion.

The defendant complains the district judge refused him a
trial by jury, in which he was certainly correct.   The defend-
ant did not entitle himself, from any thing we see in the
record, to a trial by jury.   *Acts* 1839, *p.* 172, *section* 24.

Upon a full examination of the case, we see no reason for interference with the judgment of the District Court, and therefore affirm it, with costs.