PRINCE MATHEWS *v.* MICHAEL BOLAND and another.

A notary, who has given a certificate, in his official character, will not be listened to as a witness to prove its falsehood.

One, not a party to a notarial act, may prove its falsehood by competent evidence.

A slave who produces a receipt from his master, for a sum in full for his freedom, will not be entitled to an unconditional decree therefor; the judgment must be one ordering the defendant to emancipate him in the manner pointed out by law, unless some legal obstacle be shown to exist, connected with the conduct or character of the slave. C. C. 184, *et seq.* Acts 9th March, 1807; 31st January, 1827; 24th March, 1827; 16th March, 1830; 25th March, 1831.

APPEAL from the District Court of the First District, *Buchanan,* J.

BULLARD, J. The plaintiff sues for his freedom, and bases his pretensions upon a receipt of his master, in the following words: "Received, at sundry times, of Prince Mathews, my slave man, six hundred and fifty dollars, *in full for his purchase.* Jan'y 19th, 1842. M. Boland." He further alleges, that Boland, his former master, intending to defraud and deceive him, and combining with one Smith, pretends to have sold him to said Smith, who claims, under such pretended sale, to hold him as a slave. Both Boland and Smith were made parties.

Judgment was rendered, declaring the plaintiff absolutely free, and the defendant Smith has appealed.

In the progress of the trial, an act of sale of the plaintiff as a slave, by Boland to Smith, passed before a Notary Public, was given in evidence. It purports to be dated March 23d, 1842, and it is certified in the body of the act, that four hundred dollars, a part of the price, was paid in presence of the notary and witnesses. The notary was admitted as a witness, and swore, that the statement in the act is not true; and that, he was not even present when the act was signed by the vendor.

A bill of exceptions was taken to the admission of the notary, as a witness to falsify his own certificate. The court, in our opinion, erred, in permitting him to be sworn. In the case

Mathews v. Boland and another.

of *Briggs* v. *Stafford*, (14 La. 381,) we held, that a public officer, who has given a certificate in his official character, cannot be listened to as a witness to prove it false; that there is a degree of turpitude in certifying as true, what the officer does not know to be true, as well as in certifying what he knows to be false. We have more than once remarked our incompetency, notwithstanding the act of the Legislature conferring on us the power, to notice, in a very different way, these repeated deviations from official duty on the part of notaries public.

The plaintiff, however, not being a party to that instrument, might well be permitted to prove, by competent evidence, that the money was not paid; and that, although the master's receipt for the price of the plaintiff, being under private signature, was without date as to Smith, yet that Smith knew of the fact that the plaintiff had purchased his freedom, and was, in fact, in collusion with his former master. Of these two facts, he satisfied the court below by evidence; that when Smith was told that the negro had bought his freedom, he replied, "*that it mattered not, he would beat them at law.*" The same witness says, positively, that Smith knew of the plaintiff's freedom. Another fact, shown to disprove the recital in the deed, that the price was paid down, was a clumsy attempt by Smith to prove the same payment at another time. We think the court well warranted in concluding that Smith did not pay the price, and that he knew of the contract between Boland and the plaintiff.

Notwithstanding our conviction, in common with the court below, of these facts, yet we cannot concur in its conclusion, that the plaintiff is entitled to an absolute and unconditional decree for his freedom. Public policy forbids absolute emancipation by simple agreement of this kind, and requires certain formalities, which cannot be dispensed with. These formalities depend upon the age, condition, and conduct of the slave to be emancipated. See Bullard & Curry's Dig., *verbo* Emancipation; and *Nolé* v. *De St. Romes and wife*, (3 Robinson, 484.) Civil Code, art. 184, *et seq.*

It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that the defendant

Smith proceed to cause the plaintiff, Prince Mathews, to be emancipated and set free, in the form and manner pointed out by law, unless some legal obstacle should be shown to exist, growing out of the character and conduct of the said Prince Mathews; and that the plaintiff pay the costs of the appeal; those of the court below to be borne by the defendant Smith.

*G. Strawbridge*, for the plaintiff.

*F. Haynes*, for the appellant.