Simon, J.
The plaintiffs are appellants from a judgmentTendered against them, in favor of the endorser of a promissory note on which this suit was brought. The note sued on was payable at the office of discount and deposit of the Union Bank of Louisiana at Covington, and was protested at the request of the cashier of said Bank. The notary states in the protest, that he demanded payment of said note from said cashier, who answered, that the note could not be paid, as no funds had been deposited in the Bank for that purpose.
The certificate of the notary, from which it was attempted to shew that notice had been given to the endorser, states, that “ he gave advice of theprotest, by notices of even date therewith, to the *80 endorser, which he put into the post office of this town, (Covington,) one addressed to him at Cypress Grove in this parish, and one addressed to him at this place.’'1 But this certificate bears no date, and is, therefore, insufficient to show the diligence required, by establishing the time at which the notices were served, and the date of the notices said to have been of even date with the certificate.
In order to supply the omission of the notary, and after the official certificate of notice had been produced in evidence and rejected by the court, a qua, on the ground that the certificate bears no date, and does not show the time when the notice was served, the plaintiffs’ counsel offered to prove by the notary who made the protest, that the certificate was made, and the notices given simultaneously with the making of the protest, and that the notary never made such certificate without first performing the services. This evidence was objected to by the defendant’s counsel, and refused by the court; to all which opinions of the court the plaintiffs’ counsel took a bill of exceptions.
We think the Judge, a quo, erred. The official certificate of the notary, so far as it shows the manner in which the notice of protest to the endorser, was served or forwarded, was legal evidence of all the matters therein stated, (B. & C. Dig. p. 43, § 13); and, although incomplete as to the degree of diligence used, as it did not establish the date of the service of the notice, should have been received as proof of the fact that the notice had been served through the post office, in the manner therein mentioned. The law does not say that such certificate used as evidence, shall be, when resorted to, the exclusive proof of notice. It does not mean that it shall show, by itself, a complete service of the notice, and that it should not be received, if it do not establish all the matters necessary to prove the diligence required. It is to be taken as evidence of all the matters therein stated; and if insufficient, we see no reason why it should not be received so far as it goes, and why other evidence should not be resorted to, to show a complete compliance with the requisites of the law, in giving notice of protest to an endorser. It is true, this certificate does not contain all the evidence required ; but it discloses facts within the personal knowledge of the notary, and the law says *81 that such facts or matters, when officially certified, shall be considered as full proof of what the certificate states to have been done by the notary in the exercise of his duties.
The testimony offered should have been received. Its object was not to contradict the contents of the certificate. It was merely to supply an omission, by showing the period at which the certificate was drawn and the notice given; nay, to establish the date at which the matters contained or stated in the certificate had taken place. Again, the statute which gives effect to such certificate as proof of the facts therein mentioned, and thereby introduces a new mode of proof, never was intended to exclude any other kind of proof. We have often said, that the written proof provided for by this statute does not preclude the party who does not choose to resort to it, from producing parol evidence of the notice of protest. 7 La. 7. 8 Ib. 170. 11 Ib. 566. 17 Ib. 479. And we are not ready to say, that a party should not be permitted to prove by parol evidence, such additional facts as may be deemed necessary to establish the notice of protest. It might, perhaps, be otherwise, if the evidence offered was intended to contradict the contents of the certificate ; but in this case, it is clear the notary should have been examined as a. witness for the purpose for which his testimony was offered.
As to the point, that the plaintiffs’ petition does not contain any averment, nor the record furnish any proof that the note was presented by the notary when he made the demand, we think it untenable. The protest states, that the notary demanded payment of the note of the cashier* and we cannot distinguish this question, from that on which we expressed our opinion in the case of Nott's Executor v. Beard, 16 La. 311. . It is precisely similar, and must be governed by the same rules. See, also, the case of Carlisle v. Holdship, 15 La. 375, and Union Bank v. Lea et al., just decided, ante 75.
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed ; and that this case be remanded to the inferior court for further proceedings, with in *82 structions to the- Judge, a quo, not to reject the certificate of notice of protest produced by the plaintiff, and to allow the notary to be examined as a witness for the purpose set forth in the bill of exceptions.- The costs of the appeal to be borne by the defendant and appellee.

 The protest certifies that the demand was made at the bank.