SmoN, J.
The plaintiffs seek to recover the amount of two promissory notes, each for the sum of $510 62, drawn by Dougherty &. McLanahan, and endorsed by ffm. D. Carter, and payable at the Clinton and Port Hudson Rail Road Bank, in Jackson. The issue, on the part of the endorser, is, that he is discharged by the laches of plaintiffs.
Judgment was first rendered against the drawers. Execution was issued thereon, and returned, “ No property found.” A subsequent judgment of nonsuit having been reudered in favor of the endorser, the plaintiffs have appealed.
The notary stated in the protests, “ that he went personally to the office of the Clinton and Port Hudson Rail Road Company, in Jackson, La., and demanded from Lervis Sturges, Esq., cashier, payment of the nole, but he refused to pay it, alleging that the drawers had no funds, &c.” The certificate of notice shows, that the notary put, on the day of the protest, into the post office in Jackson, a note addressed to Wm. D. Carter near Jackson, parish of East Feliciana, La., and a duplicate thereof addressed to him at Port Hudson in the same parish, (be residing about the same distance from either place,) advising him of the protest for non-payment, &c.
The testimony of the notary states, that it was his invariable *86 habit, when he went to the bank to demand payment, to take the notes with him; and that he frequently had a number of notes in his hands. It proves also, that he deposited in the post office on the day mentioned in the certificate, the notices therein described, &c.
It appears, however, from a bill of exceptions found in the record, that while the notary was under examination as a witness, the defendants’ counsel asked him the following question : “ Did you present and demand payment of the notes sued on, at the place designated for payment, on the days of their maturity?” and that this question was objected to by plaintiffs’ counsel, and the objection sustained by the court, which refused to allow the witness to answer. We think the Judge, a quo, did not err. The question propounded to the witness was clearly for the purpose of destroying the effect of the statement made by him in the protest; as, from the protest itself) it is manifest that the notes were protested on the days of their maturity, after payment thereof had been demanded by the notary, at the place designated in said notes. The statements of the notary in his protests present no ambiguity. They establish plain and positive facts, and are full proof of the matters therein contained ; and we have often held, that a sworn officer cannot be examined as a witness to contradict the evidence of his official acts. In the case of Briggs v. Stafford, (14 La. 381,) which is analogous to the present, we said, that “ a public officer, who has given a solemn certificate in his official character, cannot be listened to as a witness to prove it false.” Here, the question is evidently intended to draw out of the witness an answer contradictory of his written statement. It is an indirect attempt to prove, that the notary did not present the notes, and demand the payment thereof at maturity; and this cannot be permitted. In the case of the Union Bank v. Penn, just decided, we said, that the notary should have been examined as a witness for the purpose for which his testimony was offered. But the object of the evidence was very different. It was to establish a fact omitted in the certificate of notice, and to add to the evidence therein contained, the proof of the date of the notice and of the certificate itself, taking said certificate as full proof of the matters therein specified; *87 and such evidence was clearly admissible, for the purpose for which it was intended.
As to the main ground of defence, to wit, that the protest should say, that the notes were presented and payment demanded, we think, as we did" in the case of the Union Bank v. Penn, that it is untenable. Our jurisprudence is well settled on this subject. See 15 La. 375, 16 La. 308, and Union Bank v. Lea et al., ante, p. 75, and we are of opinion, that the statements of the notary in the protests under consideration show satisfactorily, from the whole tenor of the acts, that the notes' were produced and presented for payment; and such payment demanded, at the time and place therein designated.
It is, therefore, ordered and decreed, that the judgment of the District Court be annulled and reversed, and that the plaintiffs do recover of the defendant Carter, the sum of one thousand and twenty-one dollars and twenty-four cents, with ten dollars costs of protest, and interest at eight per cent per annum on $610 62, from the 4th February, 1839, and the same interest on $510 62, from the 4th of April, lo39, until paid, with the costs in both courts.