Morphy, J.
The defendant being sued for four months rent of a store, ending on the 30th of April, 1842, at the rate, of $100 per month, interposed a frivolous exception, which being overruled, he filed a paper purporting to be an answer to the plaintiff’s petition, in which, without denying the facts therein alleged, he pleads prescription.* This plea being clearly inapplicable, as this suit was begun a few days after the last month had become due, and the plaintiff’s allegations not being denied, there was a judgment below against the defendant, from which he has appealed.
It is argued by his counsel, that the plea of prescription, being a peremptory exception founded on law, was erroneously decided by the Judge to be an answer to the merits; and that he erred also in not requiring the plaintiff to prove his demand, on the ground, that the plea of prescription, like that of payment, is an admission of the existence of the debt.
The Judge did not err, we think, in deciding that- the paper filed by the defendant, after his dilatory exception had been overruled, was what it purported and was intended to be, an answer *469 on the merits. It was so called and treated by the defendant;' and the suit was placed on the ordinary docket, where it was reached and tried only seven months after. Prescription might have been set up as an exception; but in this case it was pleaded as, and in the form of an answer to the plaintiff’s petition. We are of opinion that the plea of the general issue and that of prescription, are not inconsistent with each other. Had the defendant denied the facts set forth in the petition, the plea of prescription would not have waived the general issue, so as to relieve plaintiff from the necessity of proving his demand. 7 La. 85. But in this case the answer contains no such denial. No proof was therefore necessary, and the Judge properly considered the facts as admitted. But the counsel contends, that as the plaintiff thought proper to introduce a witness, his testimony, which cannot be divided, shows, that the defendant owes only $300. This witness stated, that he presented the account for the rent to Bureau, who answered that he had no money for the amount; that he would give security to the plaintiff, Tor the payment of $300; and that, as to the last month, he was not to pay it, as he had delivered the keys of the store to some one whom he did not name, &c. This testimony does not prove that the defendant owes no more than $300, but only that he expressed the opinion, on some ground not distinctly stated, that he did not owe the last month of his rent. It leaves in full force the admission resulting from his failure to deny the facts alleged in the petition, which show his liability for the whole amount claimed.

Judgment affirmed.

 The paper filed was in these words :
“ To the Hon. the Parish Court in and for the Parish and City of New Orleans State of Louisiana: The answer of Leonard P. Bureau, of the City of New Orleans to the petition of Augustin Macarty, says, that the action brought by said plaintiff is prescribed by law ; and respondent prays that plaintiff’s petition may be dismissed, with costs. J. Marcel Lucros, Attorney for defendant”
The dilatory exception previously filed and overruled was also styled by the atorney: “ The answer of Leonard P. Bureau, &c. to the petition, See."