THE NEW ORLEANS AND CARROLLTON RAILROAD COMPANY *v.* JAMES D. KERR and another.

The executor of a deceased endorser is the proper person on whom to serve a notice of protest, though the instituted heir may have been admitted as heir, and have given security and taken possession of the property, where the executor has not rendered any account, nor received from the heir the money necessary to pay the debts of the succession. *Per Curiam :* Creditors may look to the executor as the proper representative of the estate until he has been discharged, especially where the instituted heir resides out of the State.

Where an endorser, living about fifteen miles from the place where the protest was made, has a box in the post-office at that place, and is in the habit of receiving his letters there, a notice af protest addressed to him there, will be good under the second section of the act of 13th March, 1837, though there be another office nearer to his residence, it being proved that he never received any letters or papers through it.

APPEAL from the District Court of Carroll, *Willson,* J. This is an action against Kerr, the maker, and Margaret Barker, as universal heir and legatee of one Harding, the endorser

of the note. The facts of the case are recited in the opinion of the court. The court below gave judgment against the maker, but in favor of Margaret Barker; and from the latter part of the decision the plaintiffs appealed.

BULLARD, J. Two questions are presented for our solution in this case: 1st, Whether the executor of a deceased endorser was the proper person on whom to serve notice of protest, after the instituted heir had come forward, been admitted as heir, and given security and taken possession of the property, but before the executor had rendered to the heir any account, or received from her the sums necessary to pay the debts; and, 2nd, Whether the notice of protest advertised to the executor at Providence, and deposited in the post office at that place, where the note was payable and was protested, be sufficient, it being shown that his residence is about fifteen miles from Providence, in the same parish, and that he was in the habit of receiving his letters at the Providence post office.

1. John D. Harding, the endorser died before the note fell due, and William G. Holmes was duly qualified as executor of his last will, by which he instituted his sister, Margaret Barker, of Mississippi, his universal legatee. Early in May, 1843, she presented a petition to the court of probates to be admitted as heir of her brother with the benefit of inventory, and was admitted as such on giving security to the satisfaction of the court; and the executor at the same time ordered to be notified, and to account to the court for all the acts done by him as such executor. On the 10th of November she gave the bond required, but it is not shown that the executor had rendered any account, or been discharged on the 12th of December, when the note was protested.

It is contended by the counsel for the appellant, that under the act of 1837, testamentary executors continue to exercise their functions until the estates which they administer shall be entirely settled. We think this provision does not exclude the right of the heir at law, or the instituted heir, to put an end to the functions of the executor by claiming the estate, and being put in possession; but we are of opinion that the creditors may well look to the executor as the proper representative of the

estate until he has been duly discharged, especially when the instituted heir resides out of the State. The evidence in the record does not show that the executor had any notice of these proceedings in the Court of Probates. We so held in *Tait* v. *Lewis, Executor*, 2 Robinson, 351.

2. The note was protested at Providence in the parish of Carroll, and the notice was served as shown by the evidence, to wit, the testimony of the notary, by addressing a letter to Holmes, as executor of the last will of the endorser, at that place, which was deposited in the post office on the same day.* It is not pretended that the notice did not contain a sufficient description of the note. The residence of the executor is shown to be about 15 miles from Providence, in the same parish; that although there is a post-office in the State of Mississippi, at Princeton, nearer the house of the executor, it is not proved that he ever receives any letters or papers there, but that he is in the habit of receiving his letters at the post office in Providence. The postmaster at the latter place testified, that Holmes receives his letters at his office; that sometimes he comes or sends for them once a week, sometimes once a month, and sometimes not so often; and that if a letter were left at his post-office for Holmes, directed Providence, La., it would be put in his box, and remain until called for, and that he would not send it to him by mail.

The direction of the note in this case appears to us in compliance with the 2d section of the act of 1827, which directs the notary, when the party to be notified does not reside in the city or town where the protest is made, to put the notice in the nearest post office, addressed to him at his domicil, or usual place of residence. B. and C's. Digest, 43.

In the case of *Mott, Executor*, v. *Beard*, we held that the address of the notice to the endorser at *Pecan Grove post office*, was sufficient, that office being within the known domicil of the defendant, and nearest his residence. 16 La. 308.

In *the Bank of Louisiana* v. *Watson*, the notice was deposited in the post office at Baton Rouge. The defendant resided at

---

* The notary testified that the notice was directed: "To William G. Holmes, Executor, Providence, La."

some distance from town, in the same parish, and there was a post office nearer to him; but the postmaster at Baton Rouge deposed that the defendant received his letters and newspapers at the office in town, and had directed them to be retained for him and not forwarded by mail. The notice was held good, although the parish of East Baton Rouge was not written on the notice. 15 La. 387.

In the case now before us it appears that the executor had a box in the post-office at Providence, which circumstance we regarded, in the case of *Mead* v. *Carnal and Bryce,* as a tacit instruction to the postmaster to retain any letters or papers to the address of the owner of the box.

Upon the whole we conclude, that the court below erred in giving judgment and nonsuit against the plaintiff.

It is therefore ordered and decreed that the judgment of the District Court be avoided and reversed, and that the plaintiffs recover of Margaret Barker, the benificiary heir of John D. Harding deceased, the sum of sixteen hundred and seventy-one dollars and eighty-four cents, with interest at the rate of seven per cent per annum, from the 12th day of December, 1843, until paid, with costs in both courts.

*Selby,* for the appellant.

*J. L. Wilson,* for the appellee.