## GAUDET *v.* GOURDAIN et al.

Parol evidence is admissible to prove an agreement with a slave to emancipate her, and the execution by the latter of her part of the contract. Art. 1783 of the Civil Code, which authorises slaves to contract on their own account for their emancipation, subjects those contracts to no particular formality. ⸰The rule contained in that article is derived from the laws of Spain, into which it had been introduced from the civil law, and must be interpreted with us as it has uniformly been under those systems of jurisprudence. *Per Curiam:* The act of emancipation must be in writing and authentic; but this regulation of public order has nothing to do with the contract under which the right to be emancipated is acquired by a slave.

A child born of a woman after she has acquired the right of being free at a future time, follows the condition of its mother, becoming free at the time fixed for her enfranchisement. C. C. 196.

APPEAL from the District Court of St. James, *Nicholls*, J.   *W. Hall*, for the appellant.   *J. J.*, and *A. Roman*, and *Bérault*, for the defendants.   The judgment of the court was pronounced by

Rost, J.   The plaintiff, who sues for her freedom, has appealed from the judgment rendered against her in the first instance.   The material allegations of her petition are that, the defendant, *Jean Gourdain*, purchased her mother and the two children she then had, under an agreement made with her said mother, that he would emancipate her, and retain only her two children in bondage, provided she paid one half of the purchase money; that the mother fulfilled that condition before the petitioner was born, by paying $220, half of the amount of the adjudication; that from the 5th of January, 1830, the day of the purchase, the plaintiff's mother enjoyed her liberty under that agreement till her death, which occurred in 1845; that the plaintiff was born in November, 1831, and enjoyed her liberty with her mother from that time, without any opposition or hinderance on the part of the defendant.

On the trial, parol evidence was offered to prove the agreement alleged, and its execution by the plaintiff's mother.   It was objected to by the defendant's counsel, on the ground that it went to prove a contract of emancipation by parol, and that evidence to show any such agreement should be in writing. The court sustained the objection so far as the testimony offered was intended to prove title, but subsequently admitted it for the purpose, says the judge, "of elucidating the question whether the plaintiff's mother had really enjoyed her freedom since the purchase by the defendant, or whether she was still under his power and in his possession."   We are of opinion that the evidence was admissible to prove the agreement and its execution.

The rule found in art. 1783 of the Civil Code, which authorizes slaves to contract on their account for their emancipation, subjects those contracts to no particular formality.   It is derived from the spanish laws, into which it had been introduced from the civil law, and we are bound to give it the interpretation it has uniformly received under those systems of jurisprudence.   Partida 3, tit. 2, law 8.   D. (5. 1.) l. 53, de Judiciis.

It is undoubtedly necessary that the act of emancipation should be in writing and authentic.   But this regulation of public order has nothing to do with the contract under which the right to be emancipated is acquired by the slaves. In the case of *Mathews* v. *Boland et al.* 5 Rob. 200, the only written evidence of a contract for emancipation similar to the one alleged in this suit, was a receipt under private signature showing that the plaintiff had paid for his freedom.   The court, on that evidence, ordered his master to emancipate him, provided no objection existed under the laws regulating the emancipation of slaves.   The promise and payment being fully proved as alleged in this case, the same decree would have been made in favor of the plaintiff's mother, if she had resorted to the same remedy.   The promise is not only proved, but it is also in evidence that it was known by some of the bidders at the sale; that they abstained in consequence of it from bidding against the defendant; and that he purchased the plaintiff's mother and her two children for little more than half of the price he was prepared to give for them.   The payment was made by the plaintiff's mother before the plaintiff was born; and she acquired by that payment a legal right to her emancipation.   The defendant unjustly withheld that right from her, and cannot be permitted to make his own wrong the foundation of his title to the plaintiff.   The child born of a woman after

GAUDET
*v.*
GOURDAIN.

she has acquired the right of being free at a future day, follows the condition of its mother, and becomes free at the time fixed for her enfranchisement, even if the mother should die before that time. Civil Code, art. 196.

We are of opinion that the judgment in this case should have been for the plaintiffs, and, as all the evidence is before us, we will close the controversy.

It is therefore ordered that the judgment in this case be reversed. It is further ordered that there be judgment in favor of the plaintiff, and that she be forever quieted in the possession, exercise, and enjoyment of her liberty, against all claims and pretensions of the defendants, the said defendant, *Jean Gourdain*, paying the costs in both courts.