## WRIGHT & MAURY *v.* JOHN C. ROGERS.

Redhibition is a remedy which the law accords to buyers, and it may be exercised by them in two ways: either by direct action, or by way of defence to an action for the price of the thing sold ; but, in either form, the remedy originates, for all practical purposes, with the buyer, and the seller is not bound to anticipate the buyer's resort to it. When this remedy is used in answer to a demand for the price, to avoid a sale, the seller is not required to make any averment to let in his proof, to show that he did not contract the obligation to warrant the thing sold against redhibitory vices; for our law does not require a replication or rejoinder, as all matters set up in an answer are understood to be open to every objection of law and fact, as if these objections were specially pleaded.

A clerk who receives, as remuneration for his services, a certain per centage of the profits made by his employer, is a competent witness for his employer. His interest is too remote to disqualify him on the ground of interest in the result of the suit.

APPEAL from the Fourth District Court of New Orleans, *Theard*, J. C. B. *Singleton*, for appellant. *Buchanan & Gilmore*, for appellees.

ILSLEY, J. The plaintiffs in this case claim from the defendant the balance of the price of 1717 sacks of oats, of which 320 sacks were delivered to and paid for by the buyer, John C. Rogers, who refused to receive and pay for the remaining 1397 sacks, because, as he avers in his answer, "the said oats were badly heated, and thereby injured seriously, and thus rendered unmerchantable.

It seems to be conceded that the oats were of light and inferior quality and defective; but plaintiffs say that the sale is not subject to redhibition on that account, because the oats were sold at a low price on account of their light and inferior quality; because no representation of quality or condition was made, and, least of all, any representation calculated to deceive the defendant, or to throw him off his guard in any way; that there was no concealment of any fact known to the plaintiffs, that, on the contrary, the oats were sold without any regard to *class, quality or condition;* that the defendant not only had an opportunity of inspecting the oats, but did inspect them, and knew their quality and condition as well, or even better than the sellers.

If the evidence in the record establishes all this, or even some of the facts thus urged, by way of replication to the defence set up, the plaintiffs are certainly entitled to a judgment.

Before proceeding to examine some of the evidence adduced on the trial of the case, we must ascertain whether objections to its introduction, presented by bills of exception, were properly sustained or overruled by the Court below.

The plaintiffs offered to prove by a witness, that the oats, alleged in the petition to have been sold by the plaintiffs, were not sold as a merchantable article, but that they were sold without regard to their quality, class or condition, and the defendant objected to this evidence, on the following grounds :

1. That the plaintiffs allege in their petition, in general terms, that they sold and delivered to the defendant 1717 bags of oats, at a given price; that this allegation, in law, is equivalent to alleging that they sold and delivered to the defendant 1717 bags of merchantable oats ; such a sale contains an implied warranty that the oats were in a sound and merchantable condition.

2. That the answer of the defendant, that the said oats were heated, injured and rendered unmerchantable, put at issue only the allegations contained in the petition, as stated in the ground first above named.

3. That the answer could not have the power of originating an allegation neither implied nor alleged.

The objection to this evidence was more specious than sound, and the Court did not err in overruling it.

. The allegation in the petition, that the plaintiffs sold and delivered to the defendant so many sacks of oats, did not necessarily and absolutely admit that the article so sold was a sound and merchantable one.

The allegation in the petition would not have been inconsistent with an averment, made by way of supplement, at any time, that the oats sold, as alleged in the petition, were defective; but that the buyer was fully aware of any defects therein, and bought them subject to such defects; but, if the construction, which we deem a strained one, put by the defendant's counsel on the word "oats," in the petition, meant indubitably merchantable oats, was the correct one, then no amendment to the petition tending to show that the oats were unsound, could have been admissible, as it would have contradicted the judicial admission that the oats were merchantable.

Redhibition is a remedy which the law accords to buyers, and it may be exercised by them in two ways : either by direct action, or by way of defence to an action for the price of the thing sold; but, in either form, the remedy originates, for all practical purposes, with the buyer, and the seller is not bound to anticipate the buyer's resort to it.   When this remedy is used in answer to a demand for the price, to avoid a sale, the seller is not required to make any averment, to let in his proof, to show that he did not contract the obligation to warrant the thing sold against redhibitory vices; for our law does not require a replication or rejoinder, as all matters set up in an answer are understood to be open to every objection of law and fact, as if these objections were specially pleaded.  See *Dayum* v. *Coiron*, 3 La. 392.   Art. 329 C. P.

The plaintiffs objected to George Heck as a witness to testify for the defence, because he was interested in the result of the suit ; but the Court received his evidence, being of the opinion that he was merely a clerk or agent, receiving one-third of the profits of the defendant instead of a salary, but without any control of his employer's business.

Upon the authority of *Diggs & McKeever* v. *Kirkland et al.*, 8 An. 310, this witness was a competent one.   The Court, in that case, said : " The

interest was contingent and too remote, in our opinion, to exclude the witness; it was such an interest as could only affect his credibility."

The rule thus enunciated is appositely applied in regard to the witness Heck, and the Court below did not err in receiving it, as he did.

The Court also excluded the evidence of other witnesses offered by the defendant, on the ground that they could only testify to facts, and not speculatively, as appears from two bills of exception. A perusal of the questions propounded to these witnesses satisfies us that the Court did not err; for it has been repeatedly decided that the impressions and opinions of witnesses are not evidence; they must state facts. *Ingram* v. *Croft*, 7 La. 85. *Kreuter* v. *The Bank of the United States*, 11 Rob. 215.

Upon the merits, after a very careful and deliberate examination and consideration of the whole case, we think that the evidence, which we have duly weighed, preponderates in favor of the plaintiff. There was no special warranty, and as the purchaser was an experienced trader in the commodity sold, had inspected the article purchased by him, and was better informed than the seller himself in regard to its condition, of which nothing was concealed from him by the seller, and, moreover, bought it without regard to class, quality or condition, for an inferior price, we see no reason to disturb the judgment of the lower Court. See the case of *Clark et al.* v. *Lockhart*, 10 Rob. 10 ; and of *McGuire* v. *Kearing et al.* 17 An. 298, a case very analogous to this one.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, the costs of appeal to be paid by the appellant.